UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60854-SINGHAL/VALLE

BIORESOURCE
TECHNOLOGY, INC.,

    Plaintiff,

v.

RICHARD HIGH, CANTOR
BIOCONNECT, LLC, and
DAVID CANTOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Bioresource Technology, Inc.'s Motion for Attorney Fees Against Defendants Pursuant to 28 U.S.C. § 1447(c) for Improper Removal (ECF No. 34) (the "Motion"). United States District Judge Raag Singhal has referred the Motion to the undersigned for appropriate disposition. (ECF No. 35); *see also* 28 U.S.C. § 636. The Court has reviewed the Motion, Defendants' Opposition (ECF No. 36), Plaintiff's Reply (ECF No. 37), and is otherwise fully advised. For the reasons set forth below, the undersigned recommends that Plaintiff's Motion be **GRANTED IN PART**. Plaintiff should be awarded $15,626 in attorney's fees.

### I.     BACKGROUND

The history of this case is summarized in the Court's prior Omnibus Order, which is incorporated by reference. *See* (ECF No. 32). In brief, this action was commenced in April 2020 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida. *Id.*

at 1. In April 2021, Defendants removed the action to this District based on diversity jurisdiction. *See generally* (ECF No. 1). Plaintiff subsequently moved to remand the case to State Court, which the District Judge granted. *See* generally (ECF Nos. 16, 32). In granting Plaintiff's motion to remand, the District Judge found that, although diversity of the parties was undisputed and the amount in controversy was satisfied, Defendants' removal was untimely. (ECF No. 32 at 2-3, 6-8). The instant Motion followed and Plaintiff now requests $19,532.50 in attorney's fees for improper removal pursuant to 28 U.S.C. § 1447(c). (ECF No. 34 at 4-5).

## II.     LEGAL STANDARD

Relevant to the Motion, 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of fees "should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In *Martin*, the United States Supreme Court explained that courts are generally permitted to award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. (citations omitted). "When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* (citation omitted). Additionally "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

### III.  DISCUSSION

#### A.  Plaintiff is Entitled to Fees Pursuant to § 1447(c)

Plaintiff seeks fees pursuant to 28 U.S.C. § 1447(c) for improper removal.  In remanding the case to State court, the District Judge concluded that Defendants' removal was untimely because Defendants improperly calculated the removal date starting from Plaintiff's responses to Special Interrogatories.  (ECF No. 32 at 5-7).  In particular, Court rejected Defendants' argument that Plaintiff's responses to the Special Interrogatories was the first time Plaintiff had identified that its damages satisfied the $75,000 jurisdictional amount.  *Id.*  In remanding the case, the Court found that:

> Plaintiff's complaints have put Defendants on notice that its claims center around Defendants' sale of IVD products while Defendant High was still employed with Plaintiff and the amount in controversy would include, at minimum, its past revenue and anticipated future revenue from the sales of IVD products to Abbott Laboratories and the CDC. Here, the sale of IVD products, which are the centerpiece of this entire lawsuit, would readily exceed $75,000.

*Id.* at 7 (citations omitted).

The District Judge also noted that although "Plaintiff pled, in both its initial and amended complaints, that the amount in controversy merely exceeded $30,000.00[,] Plaintiff served each defendant with a First Request for Production of Documents with the original complaint, and, after the state court denied Defendants' motion for protective order, Defendants produced records indicating sales transactions with Abbott Laboratories and the CDC, which exceeded $600,000.00." *Id.* at 5.

Based on this record, the undersigned finds unpersuasive Defendants' argument that "the receipt of discovery responses from Plaintiff [provided] the *first objectively reasonable basis* for removal." (ECF No. 36 at 5) (emphasis added).  Because the amount in controversy would include, at minimum, Plaintiff's past revenue and anticipated future revenue from the sales of IVD products

3

to Abbott Laboratories and the CDC, it was unnecessary and improper for Defendants to wait for Plaintiff's discovery responses before removing the case to federal court. *See, e.g., Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011) (affirming remand and award of fees where defendants should have been able to obtain information earlier);[1] *see also, Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 493 (6th Cir. 2013) (affirming the district court's remand and award of fees where it was not objectively reasonable for defendant to remove the case to federal court); *cf. Matrix Advert., LLC v. Gilman*, No. 21-CV-60910, 2021 WL 2800644, at *5 (S.D. Fla. July 6, 2021) (despite untimely removal, attorney fees were unwarranted where it was not objectively unreasonable for defendants to believe that the amount in controversy requirement was established upon later receipt of invoices); *Fernandez v. Pilot Travel Ctrs.*, *LLC*, No. 07-CV-359-Oc-10GRJ, 2007 U.S. Dist. LEXIS 99949, at *6 (M.D. Fla. Oct. 23, 2007) (recognizing no bright line rule on standard for awarding fees for improper removal, and focusing instead on whether the removing party has offered a credible reason for removal, even if it subsequently turns out that the removing party was factually or legally wrong). Accordingly, in the exercise of the Court's discretion and on the facts of this case, the Court should award Plaintiff's reasonable fees pursuant to § 1447(c).

### B. Recovery Should be Limited to Reasonable Attorneys' Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's

---

[1] The undersigned is also unpersuaded by Defendants' arguments attempting to distinguish *Taylor Newman Cabinetry*. *See* (ECF No. 36 at 6-7). Although *Taylor Newman Cabinetry* factually involved fraudulent joinder, the legal principles underlying an award of fees for improper removal remain applicable here. Moreover, the undersigned finds Plaintiff's reliance on *Scriptchek Visual Verification Sys., Inc. v. R.R. Donnelley & Sons Co.* inapposite. *Scriptchek* discussed an untimely remand and did not address awarding fees for improper removal. *Scriptchek*, No. 20-CV-61261, 2021 WL 226095, at *3-5 (S.D. Fla. Jan. 22, 2021).

services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*. Additionally, the court may use its own expertise to fashion a pragmatic and reasonable remedy as "a request for attorney's fees should not result in a second major litigation." *Taylor Newman Cabinetry*, 436 F. App'x at 895 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Here, Plaintiff seeks $19,532.50 in attorney's fees for improper removal. (ECF No. 34 at 4-5). According to the Motion, this amount results from the hours expended by attorney Christopher Trapani and paralegal Stephen Ziegler. *Id.* at 5. Attorney Trapani has 31 years of

experience and expended 52 hours at $325/hr. *Id*. Paralegal Ziegler has 33 years of experience and expended 19.50 hours at $135/hr. *Id.* Although Defendants concede that the hourly rates are reasonable, they summarily challenge the amount of fees as excessive. (ECF No. 36 at 7).

The undersigned has independently reviewed the billing records and finds that the fees should be adjusted to address certain billing inefficiencies. *See generally* (ECF Nos. 34-1, 37-1). First, Plaintiff's counsel has expended approximately 18 hours researching issues regarding remand and related attorney's fees awards, which is excessive based on the facts of this case. *See, e.g.*, (4/21/2021 2/hr. entry for, among other things, extensive research regarding timeline of removal and amount in controversy; conferring with CMT regarding defensive strategies relating to same); (4/22/2021 2.5/hr. entry for researching Motion to Remand; preparing Motion to Remand and incorporated Memorandum regarding same); (4/23/2021 2.5/hr. entry for extensive research on whether a defendant seeking removal is responsible to ascertain the amount in controversy from its own records and remand for untimely removal; perform research on defendant's waiver of its right for removal based on extensive participation in state court); (4/26/2021 1/hr. entry for continuing research on standard of review, procedure, and substantive law supporting Bioresource's Motion to Remand Case from Federal Court to State Court; preparing notes/memo to file; telephone conference with Mr. Reichenbach regarding same); (4/28/2021 .7/hr. entry for researching removal based on waiver and argument that underlying motive was an unfavorable State Court decision); (5/3/2021 1/hr. entry for preparing Motion to Remand); (5/6/2021 1.4/hr. entry for updating research on alternate grounds of untimeliness and lack of support based on 'documents received by Defendants'; revising draft of Motion for Remand); (5/6/2021 1.5/hr. entry for working on Motion to Remand, citations, exhibits; reviewing file regarding factual allegations; confer with CMT regarding additional allegations regarding CDC); (5/7/2021 .8/hr.

entry for updating research of local rules regarding request for attorney fees and costs due to High's removal; preparing further revisions to Motion for Remand); (5/10/2021 .8/hr. entry for researching law regarding Plaintiff's entitlement to recover fees and costs for Defendants' removal); (5/25/2021 2/hr. entry for preparing Bioresource's Reply Memorandum regarding Motion to Remand); (5/25/2021 1.7/hr. entry for analyzing Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand; conducing additional research; preparing memo/notes to file for same); (5/27/2021 1.5/hr. entry for preparing Memorandum in Reply regarding Motion to Remand).

Additionally, these same entries contain inappropriate "block billing," "Block billing" is the practice of including multiple distinct tasks within the same time entry. *See Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at \*1 (S.D. Fla. Nov. 27, 2019), *report and recommendation adopted*, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019). While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *Interim Healthcare*, 2019 WL 6791465, at \*6 (citation omitted). Because of block billing, however, it is impossible for the undersigned "to ascertain how much time was spent on each task." *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013).

For the foregoing reasons, the undersigned concludes that a reduction in the requested fees is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 20% reduction to the fees requested to account for the billing inefficiencies. *See, e.g., Floridians for Solar Choice*, 2021 WL 1092214, at \*5 (recommending a 5% reduction for billing inefficiencies); *Interim Healthcare*, 2019 WL 6791465,

at *6 (recommending a 10% reduction for billing inefficiencies); *Berkley Vacation Resorts, Inc. v. Castle Law Grp. P.C.*, 2019 WL 7344834, at *5 (recommending a 15% reduction for billing inefficiencies); *Ovalle v. Perez, No.* 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (adopting a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).

Accordingly, the undersigned recommends that Plaintiff be awarded $15,626 in attorney's fees, reflecting a 20% reduction in the fees requested.[2] *See, e.g., Dial HD,* 536 F. App'x at 931 (noting that where an hour-by-hour review is impractical, the Court can cut either the total number of hours or the lodestar amount); *see also Taylor Newman Cabinetry*, 436 F. App'x at 895 (affirming discretionary award of attorneys' fees assessed as "a fair measure of recompense" without requiring billing records/supportive documentation); *Taylor Newman Cabinetry*, 2010 WL 4941666, at *11 n.8 (M.D. Fla. Nov. 3, 2010); *Kent State*, 512 F. App'x at 493 (affirming award of fees based on limited information where the district court used estimates in calculating fees with the goal of "rough justice").

---

[2] This award results from $19,532.50 (the amount requested) x .80 = $15,626 (reflecting 20% reduction for billing inefficiencies). This amount also accounts for Plaintiff's voluntary reduction of $327.50. (ECF No. 37 at 9).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff Bioresource Technology, Inc.'s Motion for Attorney Fees Against Defendants Pursuant to 28 U.S.C. § 1447(c) for Improper Removal (ECF No. 34) be **GRANTED IN PART**. Plaintiff should be awarded $15,626 in attorney's fees.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b) (allowing 14 days for written objections unless a different time is prescribed by the Court). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on August 8, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    Counsel of Record