UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-60854-CIV-SINGHAL

BIORESOURCE TECHNOLOGY, INC.,

 Plaintiff,

v.

RICHARD HIGH, CANTOR BIOCONNECT,
LLC, and DAVID CANTOR,

 Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Attorney Fees Against Defendants, Pursuant to 28 U.S.C. § 1447(C), for Improper Removal (DE [34]). This case was referred to United States Magistrate Judge Alicia O. Valle ("Magistrate Judge Valle") for Report and Recommendation. *See* (DE [35]). Magistrate Judge Valle issued a Report and Recommendation to District Judge ("Report & Recommendation") (DE [41]) on August 8, 2022, recommending Plaintiff's motion be granted in part and Plaintiff be awarded $15,626.00 in attorney's fees. Parties have fourteen days to file any objections to a magistrate judge's factual findings. *See* Fed. R. Civ. P. 72(b)(2); S.D. Fla. Mag. R. 4(b). Here, Defendants timely filed their objections (DE [42]) on August 22, 2022. The Court did not order a reply; accordingly, the matter is now ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule

72, Federal Rules of Civil Procedure ("Rule(s)"), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Rule 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  *See id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Dupree v. Warden*, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

This action was commenced in April 2020 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida.  On April 21, 2021, Defendants removed the action to this District based on diversity jurisdiction.  Plaintiff subsequently moved to remand the case to State Court, which this Court granted after finding Defendants' removal was untimely.  *See* (DE [32]).  Plaintiff then filed its Motion for Attorney Fees Against Defendants, Pursuant to 28 U.S.C. § 1447(C), for Improper Removal (DE [34]) requesting $19,532.50 in attorney's fees for improper removal.  This Court has conducted a *de novo* review of the Report & Recommendation (DE [41]), Defendants' Objections (DE [42]), and the record, and is otherwise fully advised in the

premises.  The Court finds the factual findings in the Report & Recommendation (DE [41]) to be thorough and exhaustive.  Further, the Court finds the legal conclusion is correct.

"After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection **must clearly advise the district court and pinpoint the specific findings that the party disagrees with**." *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009) (emphasis added). Defendants object to the recommendation of Magistrate Judge Valle and argue they clearly had an objectively reasonable basis for seeking removal.  Defendants merely restate arguments raised in its Opposition to Plaintiff's Motion for Attorney Fees Against Defendants, Pursuant to 28 U.S.C. § 1447(C), for Improper Removal (DE [36]), which is not a proper form of objection.  Furthermore, Defendants' argument is unpersuasive.

Here, Plaintiff seeks $19,532.50 in attorney's fees for improper removal.  (Mot. (DE [34]) at 4–5).  Defendants concede that the hourly rates are reasonable, they summarily challenge the amount of fees as excessive.  (Resp. (DE [36] at 7). Magistrate Judge Valle independently reviewed the billing records and found the fees should be adjusted to address certain billing inefficiencies.   (R&R (DE [41]) at 6).   This Court agrees.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation to District Judge (DE [41]) is **AFFIRMED** and **ADOPTED**.  Plaintiff's Motion for Attorney Fees Against Defendants, Pursuant to 28 U.S.C. § 1447(C), for Improper Removal (DE [34]) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff BIORESOURCE TECHNOLOGY, INC. is **AWARDED** attorney's fees in the amount of $15,626.00.  Defendants RICHARD HIGH, CANTOR BIOCONNECT, LLC, and DAVID CANTOR are **ORDERED** to pay

Plaintiff BIORESOURCE TECHNOLOGY, INC.'s attorney's fees in the amount of **$15,626.00**.

Additionally, the Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.  Furthermore, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of August 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF